## UNION BANK *a.* MOTT.

*Supreme Court; General Term, September,* 1861.

APPEAL.—ALLOWANCE.—FURTHER REPORT FROM REFEREE.

The amount of an allowance under section 309 of the Code, within the limit therein prescribed, is discretionary with the special term, and unless it exceeds that limit, or the case is not one in which an allowance may be made, the order is not appealable.

---

An order granting leave to a party to apply to a referee for a further report, is not irregular for want of a specification of the points upon which a report is desired.

I.—Appeal from an order granting an allowance. ·

Judgment having been rendered for the defendant in this action, which was brought for the recovery of over $140,000, his counsel applied to LEONARD, J., at special term, for an extra allowance of $3000, which was granted. From this order the plaintiff appealed. The defendant moved to dismiss the appeal, and the appeal and motion were heard together.

---

*S. A. Foot*, for the appellant.—I. The real object of section 309 of the Code was to enable the courts, in the cases mentioned, to add a reasonable and moderate amount to the taxable costs, so as to bring them up to the standard of the old fee bills.

II. It is a violation of the spirit of this section to allow an enormous sum to cover extravagant charges of counsel.

III. The enormous allowance in this case is a violation of a substantial right, and not the mere exercise of discretion. It is, therefore, reviewable on appeal. (Wilson *a.* Tiffany, 4 *Abbotts' Pr.*, 98.)

*Dudley Field*, for the respondent.—I. The order is not appealable, and the appeal should be dismissed.

II. The action has been difficult and extraordinary in the highest degree. The parties have been repeatedly before the court, and the defendant has been arrested on charges decided by the referee to be unfounded.

By the Court.[*]—Ingraham, J.—Without expressing any opinion as to the amount of the allowance, we think the appeal in this case cannot be sustained.

There can be no doubt that the case is one contemplated by the Code as a suitable one in which to make an allowance. The judge at special term had the discretion vested in him to settle the rate of allowance, being only confined to the maximum limit of five per cent.

The mode in which he has exercised that discretion is not to be reviewed by the general term, even if the allowance should be thought to be too large.

The Legislature must give the general term power to review such questions before we can entertain the appeal.

Appeal dismissed.

---

II.—Appeal from an order for a further report.

The plaintiff moved, at special term, for leave to apply to the referee, who tried the cause, for a further report on certain

---

[*] Present, Ingraham, Clerke, and Leonard, JJ.

issues. Leave was granted by an order which did not specify the particular points upon which a report was required. From this order the defendant appealed.

*Dudley Field,* for the appellant.

*S. A. Foot,* for the respondent.

By the Court.—INGRAHAM, J.—The order for a further report from the referee left it open with the referee to report any further facts or findings necessary, if consistent with the evidence—if erroneous, they will be corrected on review. The order does not specify any particular mode of report, and leaves that to the referee. The order might have specified the points upon which such report was to be made, but the information can be obtained from the affidavits.

Order affirmed with costs.

---

## CHADWICK a. BOOTH.

*Supreme Court, First District; Special Term, October,* 1861.

PLEADING.—DENIAL OF TITLE TO NOTE.

Where a complaint alleges that a note was indorsed by the defendant, and afterwards transferred to the plaintiff, and that the latter is possessed thereof, an answer denying the transfer to him puts his title in issue, although it does not specially deny his possession of the note. Possession is a mere incident of the transfer, and evidence of title,—not a distinct allegation.

*It seems,* that an averment in a complaint that the plaintiff is possessed, or is the lawful owner and holder of a note, is superfluous and embarrassing.

Motion, by the plaintiff, for judgment, under section 247 of the Code.

The facts are fully stated in the opinion, except as to the first defence of the answer, concerning which the court expressed no opinion.